Giovanni Orantes, Esq. 190060
Emmanuel S. Vargas, Esq. 258202
ORANTES LAW FIRM
3435 Wilshire Blvd. – Suite 1980
Los Angeles, CA 90010
Tel: (213) 389-4362
Fax: (877) 789-5776
go@gobklaw.com

General Insolvency Counsel for
Debtor and debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JUAN E. ALFARO and<br>MONICA M. ALFARO,<br><br>Debtor and Debtor-in-Possession. | Case No. 2: 10-bk-19966-BR<br>Chapter 11<br><br>**DEBTORS' NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME FOR DEBTORS' TO FILE DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION; SUPPORTING DECLARATIONS**<br><br>[Hearing May Be Requested Pursuant to Local Bankruptcy Rule 9013-1(o)] |

- 0 -

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES-IN-INTEREST:**

**PLEASE TAKE NOTICE THAT** JUAN E. ALFARO and MONICA M. ALFARO (the "Debtors") hereby move the Court for an Order extending the time to file its Disclosure Statement and related Plan of Reorganization from May 17, 2010 to July 20, 2010 and rescheduling related dates accordingly (the "Motion").

This Motion is made on the basis that filing of a disclosure statement and Chapter 11 plan of reorganization is not practicable at this time. The Court has set a claims deadline of July 6, 2010 (the "Claims Deadline") for creditors and holders of ownership interest in the above-referenced Debtors to file proofs of claim against or proofs of interest in the Debtors' estate. Mr. Alfaro is an entrepreneur who, in the past several years, has operated numerous businesses. During that time, Mr. Alfaro has done business with scores of creditors and potential holders of claim his estate. In fact, Debtors' mailing matrix reflects a total count of one-hundred and ninety (190) creditors (though a few of them have duplicative mailing addresses). As of the filing of this Motion, only twenty (20) creditors have filed proofs of claim and/or proofs of interests. Remaining creditors have fifty (50) days to file a claim or interest in the Debtors' estate. The number of, and the amount of claims is vital to the formation of a workable disclosure statement and plan of reorganization. As such, the uncertainty as to the number of creditors that may or may not file claims, and the substantial amount of time remaining for the Claims Deadline, renders filing of a disclosure statement and Chapter 11 plan of reorganization impracticable because the plan may vary drastically depending on the actually filed number, amount, or priority, of the claims. Debtors move the Court to extend the deadline to file its disclosure statement and plan of reorganization to two (2) weeks after the Claims Deadline.

**WHEREFORE**, the Debtors pray that the Court enter an order authorizing it to file their Disclosure Statement and related Plan of Reorganization on July 20, 2010.

**IF YOU DO NOT OPPOSE THE MOTION DESCRIBED ABOVE, YOU NEED TAKE NO FURTHER ACTION. HOWEVER, IF YOU OBJECT TO THE APPLICATION,**

1 PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(o), OBJECTIONS MUST BE
2 FILED WITH THE COURT WITHIN FIFTEEN (15) DAYS OF THE DATE OF SERVICE
3 OF THIS NOTICE. YOU MUST FILE YOUR OBJECTION AND REQUEST FOR A
4 HEARING WITH THE CLERK OF THE UNITED STATED BANKRUPTCY COURT,
5 LOCATED AT 255 EAST TEMPLE STREET, ROOM 940, LOS ANGELES, CA 90012.
6 REQUEST FOR A HEARING, UPON THE DEBTOR'S COUNSEL AT THE MAILING
7 ADDRESS INDICATED IN THE UPPER LEFT-HAND CORNER OF THE CAPTION
8 PAGE OF THIS NOTICE AND UPON THE OFFICE OF THE UNITED STATES
9 TRUSTEE, ATTENTION: DARE LAW, ESQ., LOCATED AT THE OFFICE OF THE
10 UNITED STATES TRUSTEE, 725 SOUTH FIGUEROA STREET, SUITE 2600, LOS
11 ANGELES, CA 90017. UPON RECEIPT OF THE WRITTEN OBJECTION AND
12 REQUEST FOR A HEARING, THE DEBTOR'S COUNSEL WILL OBTAIN A HEARING
13 DATE AND GIVE APPROPRIATE NOTICE THEREOF. ANY FAILURE TO TIMELY
14 FILE AND SERVE OBJECTIONS MAY RESULT IN ANY SUCH OBJECTIONS BEING
15 WAIVED.

DATED: May 17, 2010                    ORANTES LAW FIRM

                                       By: _____
                                           Emmanuel S. Vargas

The Debtors move for an approximately sixty-four (64) day extension of time through and including July 20, 2010, within which to file their disclosure statement and related plan of reorganization based on the following facts and circumstances:

1. The Debtors filed a case for protection under Chapter 11 of the Bankruptcy Code on March 17. 2010.

2. The Court set May 17, 2010 as the deadline to file a plan and disclosure statement.

3. However, the Court set July 6, 2010 as the deadline for creditors and holders or ownership interests in the above-referenced Debtor to file proofs of claim against or proofs of interest in the Debtor's estate.

4. Counsel has been working with the Debtors in this case; however, filing of Debtors' disclosure statement and related Chapter 11 plan or reorganization is not practicable at this time. Mr. Alfaro is an entrepreneur who, in the past several years, has operated numerous businesses. During that time, Mr. Alfaro has done business with scores of creditors and potential holders of ownership interest in his estate. In fact, Debtors' mailing matrix reflects a total count of one-hundred and ninety (190) creditors (though a few of them may have duplicative mailing addresses). As of the filing of this Motion, only twenty (20) creditors have filed proofs of claim and/or proofs of interests. Remaining creditors still have fifty (50) days to file a claim against or interest in the Debtors' estate.

5. The number of, and the amount of claims is vital to the formation of a workable disclosure statement and plan of reorganization. As such, the uncertainty as to the number of creditors that may or may not file claims, and the substantial amount of time remaining for the Claims Deadline to expire, renders filing of a disclosure statement and Chapter 11 plan of reorganization impracticable because the plan may vary drastically depending on the actually filed number, amount, or priority, of the claims.

6. Debtors move the Court to extend the deadline to file its disclosure statement and plan of reorganization to two (2) weeks after the Claims Deadline.

7. With some specific exceptions not relevant here, Federal Rule of Bankruptcy Procedure 9024 makes Rule 60 of the Federal Rules of Civil Procedure ("FRCP") applicable to

1  bankruptcy cases. According to Rule 60, on "motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... (6) any other reason justifying relief from the operation of the judgment." FRCP 60(b). Similarly, Section 105 of the Bankruptcy Code grants power to the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The Supreme Court "has certainly acknowledged that a central purpose of the Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

8.  In this case, granting the Debtor an extension until and including July 20, 2010 would serve the purposes of the Bankruptcy Code and enable the Debtor to carry out a complete financial reorganization.

**WHEREFORE**, based upon the foregoing, the Debtors respectfully request that the Court enter an Order extending the time for filing its plan and disclosure statement through and including July 20, 2010.

DATED: May 17, 2010                              **ORANTES LAW FIRM**

                                                 By: _____
                                                     Emmanuel S. Vargas

# DECLARATION OF JUAN E. ALFARO

I, JUAN E. ALFARO, declare as follows:

1. I am over the age of eighteen years. I am the Debtor and Debtor-in-Possession in the above-captioned case. I have personal knowledge of the foregoing facts and if I am called upon to testify, I could and would do so competently thereto.

2. My wife, Monica M. Alfaro, and I (the "Debtors") are the Debtors in the Chapter 11 Bankruptcy case. On March 17, 2010, my wife and I commenced this Bankruptcy case by filing a Voluntary Chapter 11 Bankruptcy Petition under the United States Bankruptcy Code.

3. I am an entrepreneur. In the past several years, I have operated numerous businesses. During that time, I have done business with scores of creditors and potential holders of claims in my estate.

4. I am informed and believe numerous creditors and potential holders of interest in my estate have not, but may, file proofs of claim or proofs of interest in my estate before the claims deadline of July 6, 2010.

5. I pray that the Court allow the Debtor to file its plan and disclosure statement by no later than July 20, 2010 and adjust the related dates accordingly, if necessary.

Executed on May 17, 2010 at Los Angeles County, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

        [signature attached]
        Juan E. Alfaro, Declarant

- 1 -

# DECLARATION OF JUAN E. ALFARO

I, JUAN E. ALFARO, declare as follows:

1. I am over the age of eighteen years. I am the Debtor and Debtor-in-Possession in the above-captioned case. I have personal knowledge of the foregoing facts and if I am called upon to testify, I could and would do so competently thereto.

2. My wife, Monica M. Alfaro, and I (the "Debtors") are the Debtors in the Chapter 11 Bankruptcy case. On March 17, 2010, my wife and I commenced this Bankruptcy case by filing a Voluntary Chapter 11 Bankruptcy Petition under the United States Bankruptcy Code.

3. I am an entrepreneur. In the past several years, I have operated numerous businesses. During that time, I have done business with scores of creditors and potential holders of claims in my estate.

4. I am informed and believe numerous creditors and potential holders of interest in my estate have not, but may, file proofs of claim or proofs of interest in my estate before the claims deadline of July 6, 2010.

5. I pray that the Court allow the Debtor to file its plan and disclosure statement by no later than July 20, 2010 and adjust the related dates accordingly, if necessary.

Executed on May 17, 2010 at Los Angeles County, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Juan E. Alfaro, Declarant

- 1 -

# DECLARATION OF GIOVANNI ORANTES

I, Giovanni Orantes, declare and state:

1. I am an attorney duly authorized to practice law in all courts of the State of California, among others. The matters stated herein are true and correct and within my own personal knowledge and belief. If called as a witness, I could and would competently testify thereto.

2. On March 17, 2010 (the "Petition Date"), the Debtors field their petition under Chapter 11 of the United States Bankruptcy Code. The Debtors are managing and operating their business pursuant to Sections 1108 and 1108 of the Bankruptcy Code.

3. In this case, I have endeavored diligently to satisfy the requirements of the United States Trustee and the Bankruptcy Code.

4. The Court has set a claims deadline of July 6, 2010 (the "Claims Deadline") for creditors and in the above-referenced Debtor to file proofs of claim against the debtors' estate.

5. Debtors' mailing matrix reflects a total of count of one-hundred and ninety (190) creditors (though a few of them may have duplicative mailing addresses). As of the filing of this Motion, only twenty (20) creditors have filed proofs of claim and/or proofs of interests. Remaining creditors still have fifty (50) days to file a claim against or interest in the Debtors' estate.

6. The number of, and the amount of claims are vital to the formation of a workable disclosure statement and plan of reorganization.

7. The uncertainty as to the number of creditors that may or may not file claims, and the substantial amount of time remaining for the Claims Deadline to expire, renders filing of a disclosure statement and Chapter 11 plan of reorganization impracticable because the plan may vary drastically depending on the actually filed number, amount, or priority, of the claims.

///
///
///
///

1    8.    I pray that the Court allow the Debtors to file their plan and disclosure statement by no later than July 20, 2010 and adjust the related dates accordingly, if necessary.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 17, 2010 at Los Angeles County, California.

_____
Giovanni Orantes, Esq.

- 3 -

| In re: | 2:10-BK-19966 CHAPTER: **11** |
|---|---|
| **Juan Esteban Alfaro** <br> **Monica Miriam Alfaro** <br> Debtor(s). | CASE NUMBER: **2:10-BK-19966-BR** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Orantes Law Firm**
**3435 Wilshire Blvd., Ste. 1980**
**Los Angeles, CA 90010**

A true and correct copy of the foregoing document described as **Debtor's Notice of Motion and Motion for Extension of Time for Debtor to File Disclosure Statement and Plan of Reorganization; Supporting Declarations** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **May 17, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 17, 2010 | Jacqueline I. Polanco | _/s/_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F 9013-3.1
Best Case Bankruptcy

Juan E. & Monica M. Alfaro
2:10-BK-19966-BR
Service List

| | |
|---|---|
| A.R. Lantz, Inc.<br>P.O. box 5733<br>Whittier, CA 90607-5733 | American Agencies<br>P.O. box 2829<br>Torrance, CA 90509 |
| American Agencies<br>2158 W. 109th Street<br>Torrance, CA 90504 | Bank of America<br>P.O. Box 1598<br>Norfolk, VA 23501 |
| Bank of America<br>P.O. box 15184<br>Wilmington, DE 19850-5184 | Cap One<br>P.O. box 85520<br>Richmond, VA 23285 |
| Chase<br>P.O. Box 15298<br>Wilmington, DE 19850 | Citibank NA<br>1000 Technology Drive<br>O Fallon, MO 63368 |
| Countrywide Home Lending<br>Attn: Bankruptcy CA6-919-01-41<br>P.O. Box 5170<br>Simi Valley, CA 93062 | Discovery Fin<br>Attn: Bankruptcy Department<br>P.O. Box 3025<br>New Albany, OH 43054 |
| Dsnb Macys<br>911 Duke Blvd.<br>Mason, OH 45040 | Los Angeles County Tax Collector<br>P.O. Box 54018<br>Los Angeles, CA 90054-0018 |
| Midland Mortgage Company<br>999 NW Grand Blvd.<br>Oklahoma City, OK 73118 | Pillemer & Pillemer<br>14724 Ventura Blvd., Ste. 401<br>Sherman oaks, CA 91403 |
| Wells Fargo Bank Nb Na<br>P.O. Box 31557<br>Billings, MT 59107 | Wells Fargo Business D<br>P.O. Box 29482<br>Phoenix, AZ 85038 |
| Wells Fargo Card Services<br>P.O. Box 5058<br>Portland, OR 97208 | United States Trustee<br>725 South Figueroa Street, Ste. 2600<br>Los Angeles, CA 90017 |