1    GIOVANNI ORANTES – State Bar No. 190060
     **ORANTES LAW FIRM**
2    3435 Wilshire Blvd. Suite 1980
     Los Angeles, CA  90010
3    Telephone:  (213) 389-4362
     Facsimile:   (877) 789-5776
4
     Attorney for Debtors and Debtors-in-
5    Possession

6

7

8

9              **UNITED STATES BANKRUPTCY COURT**

10   **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

11

12   In re:                              Case No. 2:10-bk-19966 BR

13   JUAN ESTEBAN ALFARO                 Chapter 11 Proceeding
     MONICA MIRIAM ALFARO
14                                        **CHAPTER 11 PLAN DATED 9/13/10**
                Debtors
15                                        **Disclosure Statement Hearing**

16                                        Date:      October 19, 2010
                                          Time:      2:00 P.M.
17                                        Place:     Crtrm. 1668
                                                     255 E. Temple St.
18                                                   Los Angeles, CA  90012

19                                        **Plan Confirmation Hearing**

20                                        Date:      TBD
                                          Time:      TBD
21                                        Place:     Crtrm. ____
                                                     255 E. Temple St.
22                                                   Los Angeles, CA  90012

23

24

25

26

27

28

# I.

## INTRODUCTION

Juan Esteban Alfaro and Monica Miriam Alfaro are the Debtors in a Chapter 11 bankruptcy case. On March 17, 2010, Mr. and Mrs. Alfaro commenced their bankruptcy case by filing a Voluntary Chapter 11 Petition under the United States Bankruptcy Code ("Code"), 11 U.S.C. §101, et seq. Chapter 11 allows the Debtors to propose a plan of reorganization ("Plan"). This document is the Chapter 11 Plan proposed by Juan Esteban Alfaro and Monica Miriam Alfaro ("Plan Proponents"). Sent to you in the same envelope as this document is the Disclosure Statement which has been [approved] by the Court, and which is provided to help you understand the Plan.

This is a reorganizing plan. In other words, the Proponents seek to accomplish payments under the Plan by their earnings and the rental income from their rental property.

This Plan provides for five (8) classes of secured claims; one (1) class of priority claims, four (6) classes of unsecured claims; and one (1) class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponents of this Plan has valued at approximately 3 cents on the dollar. This Plan also provides for the payment of administrative and priority claims. The Effective Date of the proposed Plan is defined below.

# II.

## GENERAL PROVISIONS

**A.      Definitions and Rules of Construction.**

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the definitions set forth in this document and in the accompanying disclosure statement.

**B.      Effective Date of Plan.**

The effective date of this Plan is the fourteenth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation

1  order is in effect, provided that the confirmation order has not been vacated.

2  **C.    Severability.**

3       If any provision in this Plan is determined to be unenforceable, the determination will in no

4  way limit or affect the enforceability and operative effect of any other provision of this Plan.

5  **D.    Binding Effect.**

6       The rights and obligations of any entity named or referred to in this Plan will be binding

7  upon, and will inure to the benefit of the successors or assigns of such entity.

8  **E.    Captions.**

9       The headings contained in this Plan are for convenience of reference only and do not affect

10  the meaning or interpretation of this Plan.

11  **F.    Controlling Effect.**

12       Unless a rule of law or procedure is supplied by federal law (including the Code or the

13  Federal Rules of Bankruptcy Procedure), the laws of the State of California govern this Plan and

14  any agreements, documents, and instruments executed in connection with this Plan, except as

15  otherwise provided in this Plan.

16  <center>**III.**</center>

17  <center>**CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS**</center>

18  **A.    General Overview**

19       As required by the Bankruptcy Code, the Plan classifies claims and interests in various

20  classes according to their right to priority payments as provided in the Bankruptcy Code. The Plan

21  states whether each class of claims or interests is impaired or unimpaired. The Plan provides the

22  treatment each class will received under the Plan.

23  **B.    Unclassified Claims**

24       Certain types of claims are not placed into voting classes; instead they are unclassified.

25  They are not considered impaired and they do not vote on the Plan because they are automatically

26  entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponents

27  have <u>not</u> placed the following claims in classes.

28

<center>- 3 -</center>

## 1. Administrative Expenses

Administrative expenses are claims for costs or expenses of administering the Debtors' Chapter 11 case which are allowed under Code Section 507(a). The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment. Holders of administrative expenses under §507(b) are paid before other administrative expenses. There are no administrative expenses under 507(b) to be paid from the estate.

The following chart lists all of the Debtors' §507(a) administrative claims and their treatment under this Plan.

| Name | Amount Owed | Treatment |
|------|-------------|-----------|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | $0 | Paid in the ordinary course of business, paid in full on the effective date of the Plan, or according to terms of obligation, if later |
| The Value of Goods Received in the Ordinary Course of Business Within 20 Days Before the Petition Date | 0 | Paid in the ordinary course of business, paid in full on the effective date of the Plan, or according to terms of obligation, if later |
| Professional Fees, as approved by the Court. | $25,000 (Estimate) | Paid in full on the effective date of the Plan; according to separate written agreement, or according to court order if such fees have not been approved by the Court on the effective date of the Plan |
| Clerk's Office Fees | TBD | Paid in full on the effective date of the Plan |
| Other administrative expenses | 0 | Paid in full on the effective date of the Plan or according to separate written agreement |
| Office of the U.S. Trustee Fees | TBD | Paid in full on the effective date of the Plan |

Court Approval of Fees Required:

The Court must approve all professional fees listed in this chart. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be required to be paid under this Plan.

## 2. Priority Tax Claims

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding

1   five years from the date of the assessment of such tax.

2       The following chart lists <u>all</u> of the Debtors' Section 507(a)(8) priority tax claims and their

3   treatment under this Plan.

| Claim of Internal Revenue Service<br>Name = Internal Revenue Service<br>Allowed Priority Amount = $17,619.02<br>***Total Allowed Claim = $17,619.02*** | Y | The Debtors shall make payments as follows: | |
|---|---|---|---|
| | | Monthly payment = | $320.76 |
| | | Pmts Begin= | First Distribution Date |
| | | Pmts End = | 59 months after First Distribution Date |
| | | Interest rate = | 3.53% |
| | | Payments shall be due the first day of the month and be considered late the 16th day of the month. A late fee of 1% of the monthly payment shall apply to late payments. | |

**C.    Classified Claims and Interests**

    **1.  Classes of Secured Claims**

       Secured claims are claims secured by liens on property of the estate. Except as to the holder of the senior lien on the Debtors' residence, this Plan determines the value of the allowed secured claim of creditors with liens on the Debtors' real property as allowed by 11 U.S.C. § 506(a)(1).

       The Amount listed as the amount of the Total Allowed Claim for the claim on the Debtors' personal residence is the Debtors' best estimate of the total Roll-Up amount for such Claim. In this case, as no claimant is oversecured, only holders of claims on the Debtors' personal residence are entitled to accrue interest and other charges. If the holder of a claim on the Debtors' personal residence believes the actual Roll-Up amount is different than the amount listed, it may dispute the amount by submitting a claim by the Secured Claim Bar Date ("Secured Claimant's Proof of Claim Procedure"). If a Secured Claimant does not submit a Proof of Claim by the Secured Claim Bar Date, the amount listed as the respective amount of the "Total Allowed Claim" in each class below will be the allowed amount of such Secured Claim.

      a)    Secured Claims Bar Date – Shall mean the date, 15 days after the Effective Date, by which Secured Claimants shall submit Secured Claims Proof of Claims.

      b)    Secured Claims Proof of Claims – Shall mean a Proof of Claim submitted by Secured Claimants representing the full Roll-Up amounts as of the First Distribution Date.

c)  Roll-up – Shall mean the full amount of a Secured Claimant's claim as of the First Distribution Date, adding the original, outstanding lien amount, accrued interest, accrued late fees, accrued attorney's fees and any other fees and/or costs allowed to a Secured Claimant under the original lien documents held by Secured Claimant with the Debtor LESS any payments made to such Secured Claimant after the Petition Date.

d)  The Debtor reserves the right to object to the contents of such notices.

The following chart lists all classes containing Debtors' secured pre-petition claims and their treatment under this Plan:

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1A | Senior Secured Claim on 15754 Lodestone Lane, Hacienda Heights, CA 91745 (APN: 8222-026-051) Name = Bank of America as successor in interest to Countrywide Home Lending Servicer = BAC Home Loan Servicing LP Proof of Claim #, if any: 27 Collateral Description = Debtors' residence Priority of lien = First Principal owed = $611,016 Pre-pet. arrearage = $41,064.30 Post-pet. arrearage = $36,407.13 *Total Allowed Claim = $688,487.67* | N | Y | The Debtors will make monthly mortgage payments to this creditor as provided by the promissory note and will cure arrearages in equal monthly installments over the life of this plan. Nevertheless, Debtors reserve the right to negotiate an alternative repayment plan with this creditor outside of this plan. The Debtors started to negotiate a workout agreement with this claimant prior to the Petition Date and have continued such negotiations post-petition. Currently the promissory note requires payments in the amount of **$4,045.24 per month**, which, if not modified by agreement, shall commence under this Plan on the First Distribution Date. Debtors will cure arrearages in the amount of $77,471.46 (calculated through December 2010) by making **quarterly payments in the amount of $3,873.57 for 5 years** (15 quarters), which, if not modified by agreement, shall commence under this Plan on the First Distribution Date. |
| 1B | Secured Portion of Claim on 8713 Montoir Drive, Riverside, CA | N | Y | The Debtors shall make payments as follows: Monthly payment = $1,187.24 |

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | 92503 (APN: 233-330-019)<br>Name = Midland Mortgage Company<br>Proof of Claim #, if any: 24<br>Collateral Description = Debtors' rental property<br>Allowed Secured Amount = $215,000 (value per appraisal)<br>Priority of lien = First<br>Principal owed = $215,000 per 11 U.S.C. § 506<br>Pre-pet. arrearage = Not Applicable<br>*Total Allowed Claim = $215,000*<br>*Unsecured Amount separately classified = $117,119.12 (Difference between balance per Proof of Claim and Value)* | | | Pmts Begin= First Distribution Date<br>Less principal portion of payments made through Adequate Protection Order or Agreement, if any.<br>Pmts End = 359 months after First Distribution Date<br>Interest rate = 5.5%<br>Treatment of Lien = Extinguished upon payment of Allowed Secured Amount.<br>Payments shall be due the first day of the month and be considered late the 16th day of the month. A late fee of $25 shall apply to late payments.<br>If Debtors fail to comply with this treatment, this creditor shall be entitled to exercise its rights under State law after providing notice of default under State Law. |

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1C | Secured Portion of Claim on 985 and 995 West Mission Blvd., Pomona, CA 91766 (APNs: 8342-011-011, 8342-011-012, and 8342-011-013)<br>Name =  Aurora Bank Commercial Services<br>Proof of Claim #, if any: None<br>Collateral Description = Debtors' rental property<br>Allowed Secured Amount = $470,000 (value per appraisal)<br>Priority of lien = First<br>Principal owed = $462,500.98 per 11 U.S.C. § 506 – Debtors reserve the right to object to this amount<br>Pre-pet. arrearage = Not Applicable<br>***Total Allowed Claim = $462,500.98** per 11 U.S.C. § 506 – Debtors reserve the right to object to this amount*<br>*Unsecured Amount separately classified = Not Applicable (Difference between balance per Proof of Claim and Value)* | N | Y | This creditor shall receive nothing as it already concluded a foreclosure sale of this property. |

For Class 1D, the table continues with a nested treatment block:

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|---|
| 1D | Secured Portion of Claim on 7744 Industry Avenue, Pico Rivera, CA 90660 (APN: 6369-011-007)<br>Name =  California Bank & Trust<br>Proof of Claim #, if any: 26<br>Collateral Description = Storage warehouse with distribution facilities<br>Allowed Secured Amount = $900,000 (value per appraisal)<br>Priority of lien = First<br>Principal owed = $900,000 per 11 U.S.C. § 506 – Debtors reserve the right to object to this amount<br>Pre-pet. arrearage = Not Applicable<br>***Total Allowed Claim = $900,000** per 11 U.S.C. § 506 – Debtors* | N | Y | The Debtors shall make payments as follows: | |
| | | | | Monthly payment = | $5,110.10 |
| | | | | Pmts Begin= | First Distribution Date<br>Less principal portion of payments made through Adequate Protection Order or Agreement, if any. |
| | | | | Pmts End = | 359 months after First Distribution Date |
| | | | | Interest rate % = | 5.5% |
| | | | | Treatment of Lien = | Extinguished upon payment of Allowed Secured Amount. |

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|---|
| | *reserve the right to object to this amount* **Unsecured Amount separately** *classified = $188,880 (Difference between balance of $1,088,880.00 per Proof of Claim and Value)* | | | Payments shall be due the first day of the month and be considered late the 16th day of the month. A late fee of $25 shall apply to late payments. If Debtors fail to comply with this treatment, this creditor shall be entitled to exercise its rights under State law after providing notice of default under State Law. | |
| 1E | Secured Claim of GMAC Name = GMAC Proof of Claim #, if any: 7 Collateral Description = 2005 Chevrolet Avalanche Allowed Secured Amount = $3,397.45 Priority of lien = First Principal owed = $3,397.45 per 11 U.S.C. § 506 – Debtors reserve the right to object to this amount Pre-pet. arrearage = Not Applicable **Total Allowed Claim = $3,397.45** *per 11 U.S.C. § 506 – Debtors reserve the right to object to this amount* | N | Y | The Debtors shall make payments as follows: | |
| | | | | Quarterly payment = | $197.89 |
| | | | | Pmts Begin= | First Distribution Date Less principal portion of payments made through Adequate Protection Order or Agreement, if any |
| | | | | Pmts End = | 5 Years after First Distribution Date |
| | | | | Interest rate = | 6% |
| | | | | Treatment of Lien = | Extinguished upon payment of Allowed Secured Amount. |
| | | | | Payments shall be due the first day of the month and be considered late the 16th day of the month. A late fee of $25 shall apply to late payments. If Debtors fail to comply with this treatment, this creditor shall be entitled to exercise its rights under State law after providing notice of default under State Law, if applicable. | |
| 1F | Secured Portion of Claim of East West Bank Name = East West Bank Proof of Claim #, if any: 28 Collateral Description = Value of Mariscos Linda's Restaurant in Huntington Park, Linda's Seafood, Inc. and Alfaro Lugo | N | Y | The Debtors shall make payments as follows: | |
| | | | | Quarterly payment = | $4,500 |
| | | | | Pmts Begin= | First Distribution Date Less principal portion of payments made through Adequate Protection Order or Agreement, if any |

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | Holdings, Inc. (valuation may be revised) Allowed Secured Amount = $90,000 Priority of lien = First Principal owed = $90,000 per 11 U.S.C. § 506 – Debtors reserve the right to object to this amount Pre-pet. arrearage = Not Applicable *Total Allowed Claim = $90,000 per 11 U.S.C. § 506 – Debtors reserve the right to revise this amount Unsecured Amount separately classified = $1,720,300.46 (Difference between balance per Proof of Claim and Value)* | | | Pmts End =    59 months after First Distribution Date |
| | | | | Interest rate =    0% |
| | | | | Treatment of Lien =    Extinguished upon payment of Allowed Secured Amount. |
| | | | | Payments shall be due the first day of the month and be considered late the 16th day of the month. A late fee of $25 shall apply to late payments. If Debtors fail to comply with this treatment, this creditor shall be entitled to exercise its rights under State law after providing notice of default under State Law, if applicable. |
| 1G | Secured Claim of the Riverside County Tax Collector Name =   Riverside County Tax Collector Collateral Description = 8713 Montoir Drive, Riverside, CA 92503 (APN: 233-330-019) Allowed Secured Amount = $2,198.01 Priority of lien = Tax Principal owed = $2,198.01 per 11 U.S.C. § 506 – Debtors reserve the right to object to this amount Pre-pet. arrearage = Not Applicable *Total Allowed Claim = $2,198.01* Unsecured Amount separately classified = NA | N | Y | The Debtors shall make payments as follows: |
| | | | | Quarterly payment =    $168.97 |
| | | | | Pmts Begin=    First Distribution Date Less principal portion of payments made through Adequate Protection Order or Agreement, if any |
| | | | | Pmts End =    5 Years after First Distribution Date |
| | | | | Interest rate =    18% |
| | | | | Treatment of Lien =    Extinguished upon payment of Allowed Secured Amount. |

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | | | | If Debtors fail to comply with this treatment, this creditor shall be entitled to exercise its rights under State law after providing notice of default under State Law. Debtors reserve the right to pay this claim early and reduce it by any amount paid as part of a sale or refinancing of any property. |
| 1H | Junior Secured Claim on 15754 Lodestone Lane, Hacienda Heights, CA 91745 (APN: 8222-026-051) <br> Name =  Citibank N.A. <br> Proof of Claim #, if any: None <br> Collateral Description = Debtors' residence <br> Priority of lien = Junior <br> Principal owed = $78,575 <br> Pre-pet. arrearage = Unknown <br> Post-pet. arrearage = Unknown <br> *Total Allowed Claim = $0* | N | Y | This creditor shall receive nothing as it is wholly unsecured under 11 U.S.C. §506, was properly scheduled as unliquidated, and did not file a timely proof of claim. |

The Debtors reserve the right to sell or refinance any or all of the foregoing properties and repay the Allowed Secured Amount to the applicable creditor in full satisfaction of their secured obligation. The lien securing the pertinent *Total Allowed Claim* amount shall be extinguished and expunged immediately upon such payment.

2. **Classes of Priority Unsecured Claims**

Certain priority claims that are referred to in Code Section 507(a)(3),(4),(5),(6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

The following chart lists all classes containing Debtors' 507(a)(3),(4),(5),(6), and (7) priority unsecured claims and their treatment under this Plan:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 2A | None | NA | NA |

### 3. Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of the Classes containing all of Debtors' general unsecured claims, including claims valued and bifurcated into secured and unsecured portions through the Debtors' plan pursuant to 11 U.S.C. § 506:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 3A | Junior Secured Claim on 8713 Montoir Drive, Riverside, CA 92503 (APN: 233-330-019) rendered unsecured by valuation and bifurcation per 11 U.S.C. § 506<br>Name = Wells Fargo Bank, N.A.<br>Collateral Description = Debtors' rental property<br>Proof of Claim #, if any: 6 | Y | The Debtors will pay 3% of such claim in equal quarterly installments over the 5 year life of the plan, which, if not modified by agreement, shall commence under this Plan on the First Distribution Date. |
| 3B | Unsecured Claim per 11 U.S.C. § 506 on 8713 Montoir Drive, Riverside, CA 92503 (APN: 233-330-019)<br>Name = Midland Mortgage Company<br>Collateral Description = Debtors' rental property | Y | The Debtors will pay 3% of such claim in equal quarterly installments over the 5 year life of the plan, which, if not modified by agreement, shall commence under this Plan on the First Distribution Date. |
| 3C | Unsecured portion of claims on 7744 Industry Avenue, Pico Rivera, CA 90660 (APN: 6369-011-007)<br>Name = California Bank & Trust<br>Collateral Description = Storage warehouse with distribution facilities | Y | The Debtors will pay 3% of such claim in equal quarterly installments over the 5 year life of the plan, which, if not modified by agreement, shall commence under this Plan on the First Distribution Date. |
| 3D | Unsecured portion of claim of East West Bank<br>Name = East West Bank<br>Collateral Description = Value of Mariscos Linda's Restaurant in Huntington Park | Y | The Debtors will pay 3% of such claim less the amount of the allowed claim in the confirmed Chapter 11 plan of Juan Lugo in equal quarterly installments over the 5 year life of the Plan, which, if not modified by agreement, shall commence under this Plan on the First Distribution Date. |
| 3E | All General Unsecured Claims in an amount of $1,000 or less or as to which its holder elects to receive $1,000 in full satisfaction thereof ("Convenience Class") | Y | The Debtors will pay 100% of such claims on the First Distribution Date. |
| 3F | All General Unsecured Claims not otherwise classified herein | Y | The Debtors will pay 3% of such claim in equal quarterly installments over the 5 year life |

- 12 -

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
|  |  |  | of the plan, which shall commence under this Plan on the First Distribution Date. |

If the holder of an allowed unsecured claim objects to the confirmation of the plan, the value of the property to be distributed under the plan shall not be less than the projected disposable income of the debtor (as defined in section 1325 (b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer. The foregoing notwithstanding, the Debtors represent that the treatment afforded by their Plan represents at least the amount that would be received by creditors under Section 1325(b)(2) of the Code.

**4. Class(es) of Interest Holders**

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtors. If the Debtors are a corporation, entities holding preferred or common stock in the Debtors are interest holders. If the Debtors are a partnership, the interest holders include both general and limited partners. If the Debtors are an individual, the Debtors are the interest holders. The following chart identifies this Plan's treatment of the class of interest holders:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 4 | Debtors | Y | All of the Debtors' property vests in Debtors upon confirmation. The Debtors shall receive their discharge upon completion of this Plan or as otherwise provided by law. Debtors have no unexempt equity in any property. |

**5. Summary of Payments Under the Plan to Priority Claims and Classified Claims**

| Payment to Class | Month | Additional Quarterly Payment | Add'l Quarterly Payment Expressed Monthly* |
|---|---|---|---|
| *Paid Monthly* |  |  |  |
| Priority Section 507(a)(8) Claim(s) | $320.76 |  |  |
| Class 1A | $4,045.24 | $3,873.57 | $1,291.19 |
| Class 1B | $1,187.24 |  |  |
| Class 1C | $0.00 |  |  |
| Class 1D | $5,110.10 |  |  |
| Class 1H | $0.00 |  |  |

| Payment to Class | Month | Additional Quarterly Payment | Add'l Quarterly Payment Expressed Monthly* |
|---|---|---|---|
| *Paid Monthly* | | | |
| Class 2A | $0.00 | | |
| **Total** | **$10,663.34** | | |
| | | | |
| Payment to Class | Month* | Quarter | 3% of Unsecured Claim |
| *Paid Quarterly* | | | |
| Class 1E | $65.96 | $197.89 | NA |
| Class 1F | $1,500.00 | $4,500.00 | NA |
| Class 1G | $56.32 | $168.97 | $3,513.57 |
| Class 1H | $0.00 | $0.00 | $0.00 |
| Class 3A | $20.66 | $61.97 | $1,239.46 |
| Class 3B | $58.56 | $175.68 | $3,513.57 |
| Class 3C | $94.44 | $283.32 | $5,666.40 |
| Class 3D | $271.72 | $815.15 | $48,909.01 |
| Class 3F | $18.62 | $55.87 | $1,117.42 |
| **Total** | **$2,086.28** | **$6,258.85** | |
| Payment to Class | | | |
| *One Time Payment* | | | |
| Class 3D [As Filed] | $1,528.48 | | |

* Expressed per month for convenience only - payments are to be made quarterly.

### 1.  Funding for the Plan

The Plan will be funded by the following:  The Debtors' business earnings and the rental income from their rental properties.

### 2.  Post-confirmation Management

(a)  Identity:  The Debtors will continue to manage their affairs.

(b)  Post-confirmation Managerial duties:  The Debtors will continue to manage their affairs.

(c)  Amount of compensation paid pre-petition and to be paid post-confirmation:  The Debtors have not received any compensation pre-petition nor expect compensation as such post-petition.

(d)  Description of expertise:  The Debtors ably managed their business and properties prior to the national economic depression, credit availability and real estate crises that have impacted their business.

### 3. Disbursing Agent

Name and identity of disbursing agent:  The Debtors shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan.  The Disbursing Agent shall serve without bond and shall not receive compensation or reimbursement for services and expenses rendered and incurred in connection with making distributions under the Plan.

## D.    Allowance and Disallowance of Claims

### 1. Disputed Claim.

A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest files an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

### 2. Reservation of Rights to Initiate Post-confirmation Claim Objections

Over $5,289,680 in claims have been asserted against the Debtors.  As set forth above, the Debtors anticipate that the majority of claim objections will be brought post-confirmation. Claimants whose claims are objected to will receive notice and an opportunity to respond.  Unless a creditor's claim has been expressly allowed by order of the bankruptcy court, no creditor should rely or expect that his/her claim will be allowed in full when voting on the Plan.  Anticipated Claim objections include, but are not limited to:

1.    Duplicate Claims.

2.    Claims which have been paid in full.

3.    Claims lacking adequate documentation or support.

4.    Untimely Claims.

5.    Claims as to which there is a disputed amount because of errors in the revenue distribution.

6.    Claims which are not supported by the Debtor's books and records, or in excess thereof.

7.    Claims which are unenforceable against the Debtor and/or property of the estate, under any agreement or applicable law.

- 15 -

8.    Claims for improper or unreasonable interest, attorneys fees, charges, costs, etc.

9.    Claims for interest which are unmatured as of the petition date.

10.   Claims of a lessor which exceed the §502(b)(6) cap.

11.   Claims of any entity from which property is recoverable under section 542, 543, 550, or 553 or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a), unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553.

12.   Setoff Claims asserted by the government which are premised upon the government being a single entity for the purposes of setoff.

13.   Equipment lessor Claims which are disguised security agreements.

14.   Bodily injury claims in which the claimant has failed to adequately establish the Debtor's legal liability and/or the claimant's damages.

15.   Claims for contingent claims for reimbursement, indemnity or contribution, or any entity that asserts a right of subrogation to the rights of such creditor.

16.   Claims which may be subordinated under §§509 or 510.

The foregoing list is not intended to be exhaustive of all potential claim objections. Rather, the Debtors seek to place all creditors on notice that the Debtors reserve all rights to bring Claim Objections on any and all grounds. At this time, the Debtors do anticipate filing motions to object to the allowance of the following claims:

| Secured Creditors Name | Claim # If any | Scheduled Claims | | Filed Claims | | Objection/ Comment |
|---|---|---|---|---|---|---|
| | | Amount | D/C/U | Amount | Type | |
| Wells Fargo Bank, N.A. X-2948 | 4-1 | $ 14,278.41 | D/C/U | $14,278.41 | U | Debt is not the Debtors' obligation |
| Meatco Provisions, Inc. X- 8266 | 5-1 | $ 6,390.00 (Linda's Seafood) | D/C/U | $ 6,450.00 | U | Debt is not the Debtors' obligation. |
| Nissan Motor Acceptance Corporation X- Unknown | 9-1 | | | $ 12,096.12 | S | Debt is not the Debtors' obligation. |
| Advanta Bank Corp. in receivership of FDIC X- 5728 | 10-1 | $ 8,005.00 (Linda's Seafood) | D/C/U | $ 8,005.28 | U | Debt is not the Debtors' obligation. |
| Cardlock Fuels System X- 8690 | 12-1 | $ 19,535.67 (Linda's Seafood) | D/C/U | $ 25,422.54 | U | Debt is not the Debtors' obligation. |
| Wells Fargo Bank, N.A. X- 1616 | 17-1 | $ 24, 113.41 (Linda's Seafood) | D/C/U | $ 22,638.31 | U | Debt is not the Debtors' obligation. |

| Secured Creditors Name | Claim # If any | Scheduled Claims | | Filed Claims | | Objection/ Comment |
|---|---|---|---|---|---|---|
| | | Amount | D/C/U | Amount | Type | |
| SBA X- 6501 | 19-1 | $ Unknown (Linda's Seafood) | D/C/U | $554,125.24 | U | Duplicate claim. |
| SBA X-6501 | 20-1 | $ Unknown (Linda's Seafood) | D/C/U | $543,328.22 | U | Duplicate claim. |
| Hitachi Capital America Corp. X- Unknown | 21-1 | $ 37, 196.40 (Linda's Seafood) | D/C/U | $73,663.00 | U | Debt is not the Debtors' obligation. |
| Automated Collections Inc. X- Unknown | 25-1 | $ 91,463.00 (Linda's Seafood) | D/C/U | $98,703.00 | U | Debt is not the Debtors' obligation. |
| | | | | $1,358,710.12 | | |

### 3.  Delay of Distribution on a Disputed Claim.

No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

### 4.  Settlement of Disputed Claims.

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

<div align="center">

**IV.**

## TREATMENT OF MISCELLANEOUS ITEMS

</div>

**A.    Executory Contracts and Unexpired Leases**

### 1.  Assumptions

The following are the unexpired leases and executory contracts to be assumed as obligations of the reorganized Debtors under this Plan:

| Description | Other Party(ies) |
|---|---|
| **Unexpired Leases** | |
| Lease for Huntington Park restaurant | |
| Lease for Tosta Mex | Baldemar R Ancira |

On the Effective Date, each of the unexpired leases and executory contracts listed above shall be assumed as obligations of the reorganized Debtors. The Order of the Court confirming the Plan shall constitute an Order approving the assumption of each lease and contract listed above. If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Section I.B.3 of the Disclosure Statement describing this Plan for the specific date.

**2. Rejections**

On the Effective Date, the following executory contracts and unexpired leases will be rejected: any executory contracts or unexpired lease not expressly assumed hereby.

The Order confirming the Plan shall constitute an Order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Disclosure Statement above for the specific date.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS THIRTY (30) DAYS FROM THE EFFECTIVE DATE OF THIS PLAN. Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**3. Changes in Rates Subject to Regulatory Commission Approval**

These Debtors are not subject to governmental regulatory commission approval of its rates.

**4. Retention of Jurisdiction**

The Court will retain jurisdiction to the extent provided by law.

**B.    Changes in Rates Subject to Regulatory Commission Approval**

These Debtors are not subject to governmental regulatory commission approval of their rates.

1   **C.**   **Retention of Jurisdiction.**

2        The Court will retain jurisdiction to the extent provided by law.

3                                         **V.**

4                        <u>**EFFECT OF CONFIRMATION OF PLAN**</u>

5   **A.**   **Discharge**

6        Confirmation of the Plan does not discharge any debt provided for in the Plan until the

7   court grants a discharge on completion of all payments under the Plan, or as otherwise provided in

8   § 1141(d)(5) of the Code.  Debtor will not be discharged from any debt excepted from discharge

9   under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy

10  Procedure.  However, any liability imposed by the Plan will <u>not</u> be discharged.

11  **B.**   **Revesting of Property in the Debtors**

12        The Plan revests all of the property of the estate in the Debtors.

13  **C.**   **Modification of the Plan**

14        The Proponents of the Plan may modify the Plan at any time before confirmation.

15  However, the Court may require a new disclosure statement and/or revoting on the Plan if

16  proponents modify the plan before confirmation.

17        The Proponents of the Plan may also seek to modify the Plan at any time after confirmation

18  so long as (1) the Plan has not been substantially consummated <u>and</u> (2) if the Court authorized the

19  proposed modifications after notice and a hearing.

20  **D.**   **Post-Confirmation Status Report**

21        Within 120 days of the entry of the order confirming the Plan, Plan Proponents shall file a

22  status report with the Court explaining what progress has been made toward consummation of the

23  confirmed Plan.  The status report shall be served on the United States Trustee, the twenty largest

24  unsecured creditors, and those parties who have requested special notice.  Further states reports

25  shall be filed every 120 days and served on the same entities.

26  **E.**   **Quarterly Fees**

27        Quarterly fees accruing under 28 U.S.C. §1930(a)(6) to date of confirmation shall be paid

28  to the United States Trustee on or before the effective date of the plan.  Quarterly fees accruing

1   under 28 U.S.C. §1930(a)(6) after confirmation shall be paid to the United States Trustee in

2   accordance with 28 U.S.C. §1930(a)(6) until entry of a final decree, or entry of an Order of

3   dismissal or conversion to Chapter 7.

4   **F.      Post-Confirmation Conversion/Dismissal**

5         A creditor or a party in interest may bring a motion to convert or dismiss the case under

6   §1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  If the Court

7   orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been

8   property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest

9   in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only

10   to the extent that relief from stay was not previously granted by the Court during this case.

11   **G.      Material Default Defined**

12         If Debtors fail to make any payment required under the Plan, or to perform any other

13   obligation required under the Plan for more than 14 days after the time specified in the Plan, the

14   affected creditor may serve upon Debtors and Debtors' attorney (if any) a written notice of default.

15   The Debtors are in Material Default under the Plan if the Debtors fail within 21 days of the service

16   of such notice of default either: (i) to cure the default or (ii) to obtain from the Court an extension

17   of time to cure the default or a determination that no default occurred.

1  **H.    Final Decree**

2        Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the

3  Plan Proponents, or other party as the Court shall designate in the Plan Confirmation Order, shall

4  file a motion with the Court to obtain a final decree to close the case.

5

6  **Since holders of secured claims are given the right to exercise their remedies under State law**

7  **upon default by the Proponents under this Plan, the Proponents intend to move for a final**

8  **decree and closing of their case in five (5) years, unless the Proponents modify such period**

9  **after confirmation.**

10

11  Date:  August 10, 2010          /s/ Juan E. Alfaro
                                     Juan E. Alfaro, Plan Proponent

12
13  Date:  August 10, 2010          /s/ Monica Miriam Alfaro
                                     Monica Miriam Alfaro, Plan Proponent

14  Date:  August 10, 2010          **ORANTES LAW FIRM, P.C.**

15

16                                  By: /s/ Giovanni Orantes
                                        Attorney for Plan Proponents

17

18

19

20

21

22

23

24

25

26

27

28